UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JACQUES CHARLES-PIERRE, on his own
behalf and on behalf of others similarly situated,

    Plaintiff,
v.

MILLENNIUM STEEL, INC., a Florida
corporation, and RICARDO WRIGHT,
individually,

    Defendants.
_____/

## COMPLAINT

1.    Plaintiff, JACQUES CHARLES-PIERRE, was employed by Defendants, MILLENNIUM STEEL, INC., a Florida corporation, and RICARDO WRIGHT, individually (hereinafter "Defendants"), and brings this action on behalf of himself and other current and former employees of defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act (the "FLSA" or the "Act"), 29 U.S.C. § 201 et seq. Plaintiff performed work and related duties as an Iron Worker for Defendants in Broward County, Florida.

2.    Defendant, MILLENNIUM STEEL, INC., is a corporation that owns and operates a business in Hollywood, Broward County, Florida, and is within the jurisdiction of this Court.

3.    Defendant, RICARDO WRIGHT, owns and/or operates MILLENNIUM STEEL, INC., and regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rates of pay of employees, and control the finances and

operations of MILLENNIUM STEEL, INC.  By virtue of such control and authority, RICARDO WRIGHT, is an employer as such term is defined by the FLSA, 29 U.S.C. 201 et seq.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

5. At all times pertinent to this Complaint, Defendant, MILLENNIUM STEEL, INC., was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and 203(s).

6. The annual gross sales volume of Defendant, MILLENNIUM STEEL, INC., was in excess of $500,000.00 per annum.

7. During Plaintiff's employment with Defendants, he worked as an Iron Worker.

8. In the course of employment with Defendants, Plaintiff and the other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

9. Specifically, Plaintiff and other similarly situated employees regularly worked over 40 hours a week (overtime). However, instead paying them at time and a half their regular rates of pay for overtime, Defendants paid Plaintiff and similarly situated employees at their regular rates of pay (or "straight time") for the overtime hours they worked.

10. Further, Defendant required Plaintiff to travel to remote work sites in locations such as a Homestead and Port St. Lucie, Florida.  Plaintiff was required to transport other employees to those locations.  Despite having to travel as much as 2 hours each way to these locations, Defendants did not pay Plaintiff until he was at the work site.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants.

12. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. '216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

13. Plaintiff adopts and realleges all allegations contained in Paragraphs 1 through 12 above.

14. In one or more work weeks, Plaintiff and those similarly situated to him worked overtime hours. However, Plaintiff and those similarly situated to him were not fully compensated for those overtime hours.

15. Plaintiff and similarly situated employees are entitled to time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

16. The additional persons who may become plaintiffs in this action are Defendants' current and former hourly employees, including, but not limited to, Iron Workers, who worked in excess of forty (40) hours during one or more work weeks during or after June 25, 2017, but were not paid time and a half of their regular rate for all of their overtime hours worked because of Defendants' practice of paying them straight time for overtime.

17. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §201-209 in that the Plaintiffs and those similarly situated to him performed services for Defendants, for which Defendants failed to properly pay for all hours worked in excess of forty (40) within a work week.

18. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and those similarly situated to him have suffered damages, plus incurred costs and reasonable attorney's fees.

19. As a result of Defendants' willful violation of the Act, the Plaintiff and those similarly situated to him are entitled to liquidated damages.

WHEREFORE, Plaintiff, JACQUES CHARLES-PIERRE, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, MILLENNIUM STEEL, INC. and RICARDO WRIGHT, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## **Jury Trial Demand**

Plaintiff demands a jury trial.

Dated: June 25, 2020
Boca Raton, Florida

Respectfully Submitted,

Gregg I. Shavitz
Florida Bar No. 011398
E-mail: gshavitz@shavitzlaw.com
Camar R. Jones
Florida Bar No. 720291
E-mail: cjones@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiffs